```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JUSTIN PEELER

                Plaintiff,

vs.                                    Case No.  2:04-cv-434-FtM-29DNF

BRANDON MALOY, THOMAS DOUBERLEY

                Defendant.
_____/

**ORDER**

This matter comes before the Court upon Defendant Thomas Douberley's Motion to Dismiss (Doc. #23) filed April 26, 2005. Defendant seeks dismissal of Plaintiff's Complaint (Doc. #1) on the grounds that the Complaint fails to state a claim upon which relief could be granted as against Defendant Douberley.  Plaintiff filed a response to Defendant Douberley's Motion (Doc. #26) on May 11, 2005[1].  This matter is now ripe for review.

**I.**

Plaintiff, an inmate incarcerated within the Florida penal system proceeding *pro se,* filed an Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. #2).  Plaintiff alleges Eighth Amendment and First Amendment violations in connection with a September 27, 2003 incident in which Defendant Malloy kicked open a door, allegedly intentionally striking Plaintiff in the groin and right knee as an act of reprisal.  Plaintiff names Defendant Douberley as a

---

[1] Although entitled Plaintiff's Motion for Summary Judgment the Court construes the pleading as Plaintiff's Opposition to Defendant Douberley's Motion to Dismiss.  See Order of Court dated August 22, 2005 (Doc. #31).

Defendant due to his position as "Warden" and "for employee's lack of failed training." Amended Complaint, Section VII, page 8.

**II.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases, especially those involving qualified immunity. Cottone v. Jenne, 326 F.3d 1352, 1362 n.7 (11th Cir. 2003), citing GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported

conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a §1983 action. Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

**IV.**

Plaintiff's Complaint contains no allegations that Defendant Douberley in way participated in the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990). It is clear that Plaintiff attributes liability against Defendant Douberley solely on the basis of his supervisory position as Warden. See Plaintiff's Response (Doc. #26, page 5)(wherein Plaintiff claims "Warden Douberley has final authority to procure staff."). His position as Warden does not, without more, subject him to liability. Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994). Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice on the part of Defendant that was the "moving force" behind the alleged misconduct. Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant V. Florida,111 F.Supp.2d 1326 (S.D.Fla. 2000). Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendant Douberley under any set of facts that could be proved consistent with the allegations in Plaintiff's §1983 Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260,

1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).  Thus, Plaintiff has failed to state a cognizable claim under §1983 and Plaintiff's Complaint will be dismissed against Defendant Douberley.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Defendant Douberley's Motion to Dismiss (Doc. #23) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice as against Defendant Douberley.  The case remains pending against Defendant Maloy.

2.   The **Clerk of Court** is directed to enter judgment dismissing this action as against Defendant Douberley and correct the caption to reflect this dismissal.

**DONE AND ORDERED** in Fort Myers, Florida, on this __5th__ day of December, 2005.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record